**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-5013**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

   v.

ADRIAN G. VANLEEN,

        Defendant – Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg. John Preston Bailey, Chief District Judge. (3:07-cr-00027-JPB-1)

Submitted: May 6, 2009            Decided: June 5, 2009

Before MOTZ, GREGORY, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Eric S. Black, Berkley Springs, West Virginia, for Appellant. Sharon L. Potter, United States Attorney, Paul T. Camilletti, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Adrian G. Vanleen pled guilty to transporting obscene material, in violation of 18 U.S.C. § 1462 (2006). The district court sentenced Vanleen to forty-six months' imprisonment, which fell within his advisory guidelines range. Vanleen timely noted his appeal, and we affirm.

Vanleen first claims that his conviction should be vacated because his guilty plea was not knowingly and voluntarily made with knowledge of the full consequences of his plea. In a post-sentencing challenge to a conviction by guilty plea, a "reversal is warranted only if the plea proceedings were marred by a fundamental defect that inherently resulted in a complete miscarriage of justice, or in omissions inconsistent with rudimentary demands for fair procedures." United States v. Ubakanma, 215 F.3d 421, 425 (4th Cir. 2000). In support of his claim, Vanleen states that his plea was unknowing "because he was under a clear, but mistaken, impression that he would receive a sentence of probation." Vanleen's assertion is belied by his statements during his Rule 11 hearing. The record reveals that the magistrate judge conducted a thorough Rule 11 hearing free from any fundamental defect. We accordingly reject Valeen's first claim.

Vanleen next claims his sentence was unreasonable. This court reviews a sentence imposed by a district court under

a deferential abuse of discretion standard. <u>United States v. Evans</u>, 526 F.3d 155, 161 (4th Cir. 2008). In reviewing a sentence, we must first ensure that the district court committed no procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the 18 U.S.C. § 3553(a) (2006) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence - including an explanation for any deviation from the Guidelines range. <u>Gall v. United States</u>, 128 S. Ct. 586, 597 (2007). If there are no procedural errors, we then consider the substantive reasonableness of the sentence. <u>Id.</u> A substantive reasonableness review entails taking into account the totality of the circumstances. <u>United States v. Pauley</u>, 511 F.3d 468, 473 (4th Cir. 2007) (quotations and citation omitted). This court presumes a sentence within the guidelines range to be reasonable. <u>Id.</u> Even if we would have reached a different result, this fact alone is insufficient to justify reversal of the district court. <u>Id.</u> at 474.

We have reviewed the record, conclude the district court made the requisite "individualized assessment based on the facts presented," <u>United States v. Carter</u>, ___ F.3d ___, ___, 2009 WL 1110786, at *2, *4 (4th Cir. Apr. 27, 2009) (No. 08-4643) (quoting <u>Gall v. United States</u>, 128 S. Ct. 586,

3

597 (2007)), and discern no basis for overturning Vanleen's sentence. Accordingly, we affirm the judgment of the district court. We dispense with oral argument as the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED